NORTON COAL CORPORATION, a Kentucky corporation, Appellant,

v.

Louis AUSTIN, etc., et al., Appellees.

Court of Appeals of Kentucky.

April 19, 1974.

413.120, and moved for summary judgment which was granted. The plaintiff has appealed from that judgment contending that the ten-year statute, KRS 413.160, applies, rather than the five-year statute.

The ten-year statute, KRS 413.160, is in the form of a catch-all provision, as follows:

"An action for relief, not provided for by statute, can only be commenced within ten (10) years after the cause of action accrued."

The five-year statute, KRS 413.120, has a number of subsections covering various kinds of actions. Subsection (7) covers:

"An action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated."

The appellant concedes that its action sounds in tort, but argues that the *damages* it seeks to recover arose on contract in that the damages resulted from loss of contracts which the plaintiff had with users of coal.

We think it is clear that the words "not arising on contract" in subsection (7) of KRS 413.120 refer to "action" rather than to "injury", and that the mere fact that the *damages* are related to contract does not preclude application of the statute.

It is true that the Federal District Court for the Western District of Kentucky, in a similar factual situation, held that the 10-year statute applied rather than the five-year statute. See Riverside v. United Mine Workers of America, 6th Cir., 410 F.2d 267. However, in that case, the argument for application of the five-year statute was addressed only to subsection (2) of KRS 413.120, which covers actions "upon a liability created by statute," and no mention was made of subsection (7). The Federal District Court correctly held that subsection (2) did not apply, and from that reasoned that the catch-all ten-year statute applied. We do not accept that decision as

Frank C. Ingraham, Nashville, Tenn., for appellant.

Albert W. Spenard, Madisonville, for appellees.

CULLEN, Commissioner.

On June 11, 1968, Norton Coal Corporation brought the instant action against various officers, representatives and members of the United Mine Workers and its District No. 23, seeking to recover damages for disruption of business resulting in the loss of contracts for the mining and sale of coal, alleged to have been caused by wrongful acts of the defendants committed on June 12, 1958. The defendants pleaded the five-year statute of limitations, KRS

**586**

authority for the nonapplication of subsection (7) of KRS 413.120.

The appellant's reliance on United Mine Workers of America v. Meadow Creek Coal Company, 6th Cir., 263 F.2d 52, is we think also misplaced. There the three-year limitation statute of Tennessee, T.C.A. § 28–305, held inapplicable covered "injuries to personal or real property." The type of injury there involved was the same as in the instant case, and of course it did not consist of an injury to tangible property, to which the Tennessee statute obviously was limited. Our statute, however, covers injuries to "rights," which is broad enough to cover intangible rights of the kind here in question.

The judgment is affirmed.

All concur.